## SIMPSON COUNTY v. BALL.

(Division B.   May 12, 1931.)

[134 So. 162.   No. 29439.]

242

**A. M. Edwards** and **W. D. Hilton,** both of Mendenhall, for appellant.

J. P. & A. K. Edwards, of Mendenhall, for appellee.

244

**Ethridge, P. J.**, delivered the opinion of the court.

A. H. Ball brought suit against Simpson county for the loss of a mule, placing the value thereof in his demand against the county at one hundred fifty dollars. He recovered judgment in the justice of the peace court for that amount, which was appealed to the circuit court. On that appeal the plaintiff testified as to the value of the mule, saying it was worth two hundred twenty-five dollars to him. He stated that he paid two hundred ten dollars each for four mules, one of which was the one sued for, and that he sold two of them for two hundred dollars each, and that the mule sued for was a better mule than the two sold. He said he placed the value thereof at one hundred fifty dollars because he wanted to share part of the loss. The

person in charge of the dipping vat who dipped the mule sued for testified that, in his judgment, the mule was worth two hundred dollars. A jury, by their verdict in the circuit court, found the value to be one hundred dollars.

On appeal, it was first contended that the justice of the peace court had no jurisdiction, and that, consequently, the circuit court had none, because the plaintiff's testimony showed the mule to be worth more than two hundred dollars.

It is sufficient to say there was evidence as to the value of the mule being within the jurisdiction of the justice of the peace court; and it does not appear there was any fraudulent purpose to obtain jurisdiction in the justice of the peace court, but that such value was placed at one hundred fifty dollars out of deference to the judgment of a member of the board of supervisors.

It is only where property is undervalued for the purpose of obtaining jurisdiction that the court will dismiss a suit upon that ground. Ordinarily, the court assumes that suits are brought in good faith; and the question of value varies so much in the minds of different men, and there is such room for arriving at different opinions as to the value of personal property, that the court will only decline jurisdiction where it is manifest that the suit was not brought in good faith for the real value, but was brought for the purpose of either obtaining or defeating jurisdiction of a particular court.

It is next contended that the county is not liable because the proof shows that the mule was dipped under the authority and direction of the state live stock sanitary board, and not under the jurisdiction of the board of supervisors. In other words that, under a particular order of the board of supervisors, mules engaged in plowing were not required to be dipped, and that the county was not in charge of the dipping as such, although it had prepared the vats in which the dipping was done.

We think it is clear that this case shows, beyond a reasonable doubt, that the dipping was done under the provisions of the live stock sanitary board, and that property owners were required to dip their stock. By section 265, Code of 1930, section 3807a, Hemingway's Code Supp. 1921, it is expressly provided that: "Any person in any county in this state shall be entitled to recover from such county reasonable compensation for any live stock owned by such person that may have been killed or permanently injured, or that may hereafter be killed or permanently injured in the process of dipping or as a result of such dipping for the eradication of the cattle tick, where such dipping was done under the supervision of the board of supervisors or the live stock sanitary board."

It is, of course, competent for the legislature to impose liability of this character upon the counties. This was held in Hancock County v. Shaw, 120 Miss. 48, 81 So. 647, in which opinion the court cited the case of New Orleans v. Clark, 95 U. S. 644, 24 L. Ed. 521, where the Supreme Court of the United States held to like effect.

The evidence is sufficient to sustain the verdict, and the judgment of the court below will be affirmed.

Affirmed.